## Long, et al. v. Huffman, et al.

(Decided June 13, 1912.)

## Appeal from Pike Circuit Court.

Summons—Service of—Presumption—Recitation of Judgment.—The testimony of the defendant that he was not served with summons is not sufficient to overcome the presumption that the proceedings were regular, where the judgment recites that the parties were duly summoned, the process is lost and the defendant knew of the proceedings and accepted the money coming to him under the judgment, making no complaint until the property had advanced in value.

BUTLER & MOORE, J. S. CLINE for appellants.

CHILDERS & CHILDERS, ROSCOE VANOVER and W. H. FANNERY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

B. F. Kelley died a resident of Pike County many years ago, the owner of a lot in Pikeville. After his death two of his sons sold their interest in the lot to R. T. Huffman, and he, in the year 1901, brought a suit against the other children in the Pike Circuit Court alleging, in substance, that the lot was indivisible, and that the interest of each owner in it was worth less than $100, and praying a sale of the lot and a division of the proceeds. At the fall term, 1901, a judgment was entered for a sale of the lot. The sale was made, Huffman became the purchaser, the sale was confirmed, the purchase money was paid into court and distributed among the owners, after the payment of costs. A deed was made to Huffman, and the action went off the docket. All this occurred about the year 1902. In the year 1910, Eddie Kelley Long and Fannie Kelley Powers, two of the children of B. F. Kelley, brought this suit against Huffman, charging that they were not served with summons in the action in which the property was sold, that the judgment was void as to them, and praying that the sale be adjudged void, and that they be adjudged entitled to their interest in the property. Jessie Kelley May, who was made a defendant to the petition, filed her answer, which

she made a cross-petition, seeking, in substance, the same relief as the plaintiffs and on the same grounds. On final hearing of the case, the court dismissed the petition and cross-petition. The plaintiffs and Mrs. May appeal.

The transcript does not contain a complete record of the old case, and what the missing parts of that record would show we are left to conjecture. It is shown by the testimony of the clerk that he does not now find in the records the summons, and does not find on the docket any entry showing that they were returned executed. The plaintiffs and Mrs. May testify that the summons was not in fact served on them. On the other hand, the judgment in that action recites that all the parties had been duly summoned. In addition to this, there is an order entered by the court appointing an attorney as guardian ad litem for the infant defendants. He filed his report before the case was submitted. Mrs. May is now about forty years of age, and was then about thirty years of age. The plaintiffs were respectively sixteen and nineteen years old, at that time. All of them lived, at that time, in Whitesburg in Letcher County. Mrs. May's husband was an attorney, and she testifies that she saw him with the summons, but that it was not served on her. Her two sisters then lived with her. They all knew the action had been brought and that a sale had been had. After the sale was made, at the request of Mrs. May's husband, a guardian was appointed for the child that was still an infant, and her part of the money was paid over to him as her guardian. All three got their money that was coming to them from the sale, and got it after all of them were of age.

The presumption that the process was served and the recital in the judgment, showing that it was served, are not overcome by the evidence before us.

Eight or nine years elapsed after the property was sold before this suit was brought. The parties all knew of the sale and did not seasonably complain; in the meantime values have changed and a part of the property has passed into the hands of others. In such a state of case the presumption in favor of the regularity of the proceedings must prevail in the absence of convincing proof that the process was not in fact served.

Judgment affirmed.